UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: MURIEL CURRIE-WILLIAMS )<br>  ) <br> Debtor. ) <br>  ) <br> ************************************ ) <br>  ) <br> STEVEN ANTON, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> MURIEL CURRIE-WILLIAMS, ) <br>  ) <br> Defendant. ) | CASE NO. 18-18369<br><br><br><br><br><br><br><br>Adversary No. |

**COMPLAINT TO DEEM CERTAIN DEBT NONDISCHARGEABLE**

COMES NOW Steven Anton ("Anton"), by counsel, and respectfully requests that the Court issue an ORDER declaring that a certain debt owed to Anton in an amount totaling $19,023.70 as of September 6, 2018, plus court costs, post-judgment interest at the statutory rate constitutes a money judgment against Debtor, Muriel Currie-Williams ("Debtor") that cannot be discharged pursuant to 11 U.S.C. §523(a)(2) or 11 U.S.C. § 523(a)(6), and in support thereof, states as follows:

1. Anton, a Creditor in the Bankruptcy in the above-captioned cause of action, resides in and conducts business in the State of Indiana, and is a Plaintiff filing his Complaint to determine dischargeability under 11 U.S.C. §§ 523(a)(2) or 11 U.S.C. § 523(a)(6).

2. Debtor resides in Cook County, Illinois, and is the Debtor in this Chapter 13 bankruptcy case, by virtue of her Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code which is pending under case number 18-18369.

3. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. This adversary proceeding arises in and relates to the Debtor's Chapter 13 case. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue of this action is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1409.

6. This adversary proceeding is brought in accordance with Bankruptcy Rule 7001, and seeks a determination that the Debtor owes a debt to the Plaintiff that is excepted from discharge under 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4) or 11 U.S.C. § 523(a)(6).

7. On March 21, 2017, Anton obtained a judgment against Debtor for, among other reasons, conversion of unreturned personal property and check deception in the original amount of $17,033.78, plus court costs and post-judgment interest at the statutory rate filed a case in the Lake Superior Court, County Division, against Iyana Simmons under case number 45C01-1409-PL-00097 ("Judgment") (A true and accurate copy of said judgment is attached herein as **"Exhibit A"**)

8. The judgment was fully litigated between Anton and Debtor through a bench trial.

9. Conversion and check deception are types of fraud that are nondischargeable pursuant to 11 USC §523(a).

10. As a result of the foregoing, the Judgment is nondischargeable and debtor should be collaterally estopped from arguing otherwise.

11. Pursuant to Indiana law, judgments predicated on criminal acts such as conversion or check deception are entitled to a recovery of attorney fees.

12. The entire amount of an obligation that is tainted by fraud is excepted from discharge by 11 U.S.C. § 523(a)(2), U.S.C. § 523(a)(4) or 11 U.S.C. § 523(a)(6).

   WHEREFORE, Anton, by counsel, respectfully requests that the Judgment against Debtor be excepted from Discharge, for an award of court costs and attorney fees for bringing this matter, and for all other relief just and proper in the premises.

/s/ Jonathan Petersen
Law Office of Jonathan Petersen
1544 - 45th Avenue Suite # 3
Munster, IN 46321
Office:    (219) 803-4550
Facsimile: (219) 933-6557

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**