UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>MURIEL CURRIE-WILLIAMS,<br><br>Debtor.<br><br>STEVEN ANTON,<br><br>Plaintiff,<br><br>v.<br><br>MURIEL CURRIE-WILLIAMS,<br><br>Defendant. | Chapter 13<br>Bankruptcy No. 18 B 18369<br>Judge Donald R. Cassling<br><br><br><br><br><br>Adversary No. 18 A 00823 |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT (DOCKET NO. 6)

Before the Court is the Motion for Default Judgment filed by Steven Anton (the "Plaintiff") against Muriel Currie-Williams (the "Debtor"). The Plaintiff filed a complaint in this Court on October 3, 2018, seeking to hold a claim he has against the Debtor declared nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). (Dkt. No. 1.) He served a summons upon the Debtor on October 3, 2018. (Dkt. Nos. 2 & 5.) The complaint represents that on March 21, 2017, the Plaintiff obtained a judgment (the "Indiana Judgment") against the Debtor in Indiana state court for, among other things, conversion of unreturned personal property and "check deception" in the total amount of $17,033.78. (Dkt. No. 1 at ¶ 7.) The complaint further represents that the Indiana Judgment was fully litigated through a bench trial. (*Id.* at ¶ 8.) A copy of the Indiana Judgment was attached to the complaint as its sole exhibit. Finally, the complaint states that conversion and check deception are types of fraud that are nondischargeable under 11 U.S.C. § 523(a). (*Id.* at ¶ 9.)

Significantly, the Indiana Judgment does not employ the term "conversion" nor the term "check deception." Instead, it reflects that a judgment in the amount of $15,900 was entered in favor of the Plaintiff and against the Debtor for: (1) unpaid rent of $3,400; (2) unreturned property in the amount of $5,000; and (3) attorney fees of $7,500. (Dkt. No. 1, Ex. A.) In addition, it states that a judgment in the amount of $1,133.78 was entered in favor of the Plaintiff and against the Debtor for: (1) a stopped check in the amount of $850; and (2) fees and expenses of $283.78. (*Id.*)

The Debtor failed to respond to the complaint. On November 21, 2018, the Plaintiff filed this Motion for Default Judgment wherein he seeks to have the $17,033.78 Indiana Judgment found non-dischargeable. (Dkt. No. 6.) In addition, the Plaintiff seeks post-judgment interest pursuant to Indiana Code § 24-4.6-1-101 at the rate of 8% from March 21, 2017 as well as attorney fees under Indiana Code § 34-24-3-1 in the amount of $750 for prosecuting this adversary proceeding. No exhibits were attached to the Motion.

On November 29, 2018 at the initial hearing on the Motion for Default Judgment, the Court informed the Plaintiff that he was not entitled to post-judgment interest at the rate provided for by Indiana law and that he was not entitled to attorney fees for prosecuting this adversary proceeding. However, the Court afforded the Plaintiff the opportunity to file a brief in support of his attorney fees. On January 2, 2019, the Plaintiff filed a memorandum in support of additional attorney fees for prosecuting this adversary proceeding. (Dkt. No. 11.)

The Court has carefully reviewed the Plaintiff's Motion for Default Judgment and, in so doing, has also revisited the Indiana Judgment and the allegations of the complaint.[1] The fact that the Debtor has failed to respond either to the complaint or to the Motion for Default Judgment is not dispositive. Courts are generally hesitant to "rubber stamp" motions for default judgment.

---

[1] The Court was never provided with a copy of the state-court complaint that resulted in the Indiana Judgment and therefore has not had an opportunity to review it.

2

*MBNA Am. Bank, N.A. v. Hostetter (In re Hostetter)*, 320 B.R. 674, 679 (Bankr. N.D. Ind. 2005). A movant is not entitled to a default judgment as a matter or right, even though a debtor is in default for failing to answer or otherwise respond to a complaint. *Americash Loans, LLC v. Marquardt (Inre Marquardt)*, 561 B.R. 715, 721 (Bankr. C.D. Ill. 2016). "In the bankruptcy context, where a debtor has a presumptive right to a discharge, default judgment motions should not be granted unless the movant shows that its debt is nondischargeable as a matter of law." *Attorneys' Title Ins. Fund v. Zecevic (In re Zecevic)*, 344 B.R. 572, 576 (Bankr. N.D. Ill. 2006). A plaintiff must demonstrate that the well-pleaded facts found in the complaint, if taken as true, amount to a legally cognizable claim for relief upon which a judgment may be entered. *Reid v. Wolf (In re Wolf)*, Bankr. No. 14 B 27066, Adv. No. 16 A 00066, 2018 WL 6192244, at *7 (Bankr. N.D. Ill. Nov. 19, 2018); *State of Indiana v. Jewell (In re Jewell)*, 554 B.R. 169, 172 (Bankr. N.D. Ind. 2016). The court must determine whether the plaintiff has proven a prima facie case of nondischargeability of his debt. *Wallner v. Liebl (In re Liebl)*, 434 B.R. 529, 536 (Bankr. N.D. Ill. 2010); *Mega Marts, Inc. v. Trevisan (In re Trevisan)*, 300 B.R. 708, 714 (Bankr. E.D. Wis. 2003). Whether to grant a motion for entry of default judgment lies within the sound discretion of the court. *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990).

The Court finds that the Plaintiff has not shown that he is entitled to a default judgment under § 523(a)(2), (a)(4), or (a)(6).

First, with respect to § 523(a)(2)(A), the Plaintiff has failed to show facts that would establish a prima facie claim under that subsection. To be ruled nondischargeable under that subsection, the debt must arise for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual

3

fraud. 11 U.S.C. § 523(a)(2)(A).[2] To make out a claim based on false pretenses or a false representation, the Plaintiff must establish the following elements: (1) the Debtor made a false representation or omission of material fact; (2) that the Debtor (a) either knew to be false or made with reckless disregard for its truth and (b) made with an intent to deceive; and (3) the Plaintiff justifiably relied on the false representation. *Reeves v. Davis (In re Davis)*, 638 F.3d 549, 553 (7th Cir. 2011).

The complaint in this case alleges none of those things. It is completely devoid of any allegations to meet the minimum legal requirements that could except the debt from discharge under § 523(a)(2)(A) for fraud, false pretenses, or a false representation. Instead, the complaint simply alleges that conversion and check deception are types of fraud that are nondischargeable under § 523(a), without alleging facts that would establish either conversion or check "deception." This bare-bones statement does not provide the grounds for Plaintiff's entitlement to relief under § 523(a)(2)(A). Moreover, to the extent that the Plaintiff is arguing that the Debtor issued a bad check, the Seventh Circuit has stated that tendering an NSF check is not a false representation or a false pretense. *In re Scarlata*, 979 F.2d 521, 525 (7th Cir. 1992) (citing *Williams v. U.S.*, 458 U.S. 279 (1982)). Therefore, the Plaintiff is not entitled to default judgment under § 523(a)(2)(A).

Next, with respect to § 523(a)(4), the Plaintiff has failed to allege facts that would establish a prima facie claim under that subsection. The complaint is devoid of any allegations that the Debtor committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Instead, the complaint represents that the Indiana Judgment was the result of conversion of unreturned personal property and check deception. However, the Indiana Judgment does not

---

[2] The Plaintiff does not appear to be arguing that the debt should be nondischargeable under § 523(a)(2)(B) which would require a statement in writing that is materially false respecting the Debtor's or an insider's financial condition on which the Plaintiff reasonably relied.

4

support that representation. For example, it makes no mention of conversion. Rather, the Judgment simply refers to "unreturned personal property in the amount of $5000.00," a phrase which does not come close to establishing the legal requirements of a properly pled conversion count. Thus, the complaint is insufficient to establish the requisite elements to find the debt nondischargeable under § 523(a)(4).

Finally, with respect to § 523(a)(6), the Plaintiff has failed to show facts supporting a prima facie claim under that subsection. For a finding of nondischargeability of a debt under § 523(a)(6), the Plaintiff must prove three elements by a preponderance of the evidence: (1) the Debtor caused an injury to his person or property interest; (2) the Debtor's actions were willful; and (3) the Debtor's actions were malicious. *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013); *Zamora v. Jacobs (In re Jacobs)*, 448 B.R. 453, 480 (Bankr. N.D. Ill. 2011).

Willful and malicious injury "is one that the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury or knowing it was highly likely to result from his act." *Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 324 (7th Cir. 2012).

The Court finds that the complaint does not allege either willfulness or malice and is therefore not sufficient to provided grounds for entitlement to relief under § 523(a)(6). Instead, it merely states that conversion and check deception are types of fraud that are nondischargeable. Thus, the complaint fails to demonstrate a prima facie case for nondischargeability under § 523(a)(6).

Next, because the Court is denying the Plaintiff's Motion for Default Judgment without prejudice, it will address the Plaintiff's request for attorney fees incurred in prosecuting this adversary proceeding. In his memorandum in support of additional attorney fees, the Plaintiff cites *Cohen v. de la Cruz*, 523 U.S. 213 (1998) for the proposition that any debt respecting money,

5

property, services, or credit that a debtor has fraudulently obtained, including enhanced damages, as well as attorney fees awarded by statute, can be found to be nondischargeable. Based on the *Cohen* case, if the Indiana Judgment were held to be nondischargeable, the Court agrees that the $7,500 in attorney fees awarded by the state court as part of the Indiana Judgment would also be nondischargeable.

However, the Plaintiff is also seeking $750 in attorney fees incurred in prosecuting this adversary proceeding. *Cohen* does not support the award of those attorney fees. The Bankruptcy Code does not grant a statutory right to attorney fees to a plaintiff seeking a determination of the dischargeability of a debt. Section 523 does not authorize the recovery of attorney fees by a creditor who successfully opposes a discharge of his debt. "Under the American Rule, attorneys' fees would not be added to a debt as [a matter] of course." *Mayer v. Spanel Int'l Ltd.*, 51 F.3d 670, 677 (7th Cir. 1995). The Seventh Circuit has held, however, that "[a]ttorneys' fees provided by contract are part of the debt, and if the principal . . . [is] non-dischargeable, so are the other elements of the debt." *Id.* Here, no contract existed between the Plaintiff and the Debtor that would entitle the Plaintiff to recovery of his attorney fees.

The Court adheres to the American Rule, under which a prevailing litigant is not ordinarily entitled to recover attorney fees unless a federal statute or enforceable contractual provision authorizes such recovery. *Oberg v. Chrispin (In re Chrispin)*, Bankr. No. 10 B 47833, Adv. No. 11 A 00443, 2012 WL 3126807, at *23 (Bankr. N.D. Ill. July 31, 2012). This rule applies to litigation in bankruptcy courts. *Id.* Because there is no federal statute or contractual provision that authorizes recovery of attorney fees, the Court would not award the Plaintiff his requested attorney fees incurred in the prosecution of this adversary proceeding.

Finally, with respect to post-judgment interest, if the Court were to grant the Plaintiff

6

default judgment, he would be entitled to post-judgment interest but not at the rate provided under Indiana law. Post-judgment interest is governed by 28 U.S.C. § 1961(a). Section 1961(a) governs the rate of post-judgment interest on a federal court judgment even if the underlying action is governed by state law. Section 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil action recovered in a district court." Because the bankruptcy court is a part of the district court, this section applies to judgments entered in a bankruptcy court. *Ocasek v. Manville Corp. Asbestos Disease Comp. Fund*, 956 F.2d 152, 154 (7th Cir. 1992). "Civil litigants who win money judgments in district courts are entitled to post judgment interest" by statute. *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994). Thus, post-judgment interest is governed by § 1961(a) not Indiana law.

For the foregoing reasons, the Court denies the Plaintiff's Motion for Default Judgment without prejudice.

DATE: <u>January 10, 2019</u>                    ENTERED:

                                                *[signature]*
                                                _____
                                                **Donald R. Cassling**
                                                **United States Bankruptcy Judge**